# United States Bankruptcy Court

Southern District of New York
**Case No. 04−16256−mg**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Errol Jamieson
   aka Errol A. Jamieson
   1131 E. Tremont Avenue
   Bronx, NY 10460

Last four digits of Social−Security or other Individual Taxpayer−Identification No(s)(if any):
   xxx−xx−2955

Employer Tax−Identification No(s).(EIN)[if any]:

# DISCHARGE OF DEBTOR AFTER COMPLETION
# OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

                                                                    BY THE COURT

Dated:  November 3, 2009                        Martin Glenn
                                                            United States Bankruptcy Judge

                      **SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor, vessel, or aircraft vehicle while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# CERTIFICATE OF NOTICE

```
District/off: 0208-1          User: lwebb                Page 1 of 1              Date Rcvd: Nov 03, 2009
Case: 04-16256                Form ID: b18w              Total Noticed: 18

The following entities were noticed by first class mail on Nov 05, 2009.
db            +Errol Jamieson,    1131 E. Tremont Avenue,    Bronx, NY 10460-2310
aty           +Jeffrey N. Zipser,    Roach & Manniello, P.C.,    115 Eileen Way,    Syosset, NY 11791-5325
ust           +United States Trustee,    33 Whitehall Street,    21st Floor,   New York, NY 10004-2122
3596733       +AT & T,   c/o OSI Collection Services,    PO Box 957,    Brookfield, WI 53008-0957
3620599       +BANK ONE, DELAWARE NA F.K.A. FIRST USA,    C/O WEINSTEIN, TREIGER & RILEY, P.S.,
                2101 4TH AVENUE, SUITE 900,    SEATTLE, WA 98121-2339
3661562       +HENRY J. SCORCIA,    SUITE 1602,    26 BROADWAY,    NEW YORK, NEW YORK 10004-1703
3638911        MORTGAGE ELECTRIC REGISTRATION SYSTEMS INC.,    U.S. BANK, N.A,    CARUS & MANNIELLO, P.C.,
                115 EILEEN WAY,    P.O. BOX 9021,    SYOSSET, NY 11791-9021
3596730        Mortgage Electronic,    US Bank,    PO Box 20005,    Owensboro, KY 42304-0005
4274224       +Rosicki, Rosicki & Associates, P.C.,    Attn: Barbara Dunleavy, Esq.,    51 East Bethpage Road,
                Plainview, NY 11803-4224,    (516) 741-2585
3666615      ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court:    TOYOTA MOTOR CREDIT CORPORATION,    500 REDBROOK BOULEVARD,
                OWINGS MILLS, MD 21117)
3596731      ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court:    Toyota Financial Services,    PO Box 371339,
                Pittsburgh, PA 15250-7339)
The following entities were noticed by electronic transmission on Nov 03, 2009.
cr            +EDI: BLINE.COM Nov 03 2009 15:49:00      B-First, LLC,    Mailstop 550,    2101 4th Ave, Suite 900,
                Seattle, WA 98121-2339
3596735       +EDI: ARROW.COM Nov 03 2009 15:48:00      Arrow Financial Services,    5996 W. Touhy Avenue,
                Niles, IL 60714-4610
3596734       +EDI: CAPITALONE.COM Nov 03 2009 15:48:00      Capital One,    PO Box 85015,
                Richmond, VA 23285-5015
3596732       +EDI: CHASE.COM Nov 03 2009 15:48:00      Chase Manhattan Bank,    Legal Department,
                100 Duffy Avenue, 3H2,    Hicksville, NY 11801-3636
3713689        EDI: ECAST.COM Nov 03 2009 15:48:00      ECAST SETTLEMENT CORPORATION,
                CHASE MANHATTAN BANK USA, NA,    P.O. BOX 35480,    NEWARK, NJ 07193-5480
3780897        EDI: IRS.COM Nov 03 2009 15:48:00      DEPARTMENT OF THE TREASURY,    INTERNAL REVENUE SERVICE,
                IRS INSOLVENCY GROUP 4,    290 BROADWAY,    STOP 5TH FLR,    NEW YORK, NY 10007
4404226        EDI: BLINE.COM Nov 03 2009 15:49:00      Roundup Funding, LLC,    MS 550,    PO Box 91121,
                Seattle, WA 98111-9221
                                                                                               TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Mortgage Electronic Registration Systems, Inc., as
cr*            Roundup Funding, LLC,   MS 550,   PO Box 91121,   Seattle, WA   98111-9221
                                                                                               TOTALS: 1, * 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 05, 2009**               **Signature:**   *Joseph Speetjens*